Cason *v.* Stone.

FENDAL C. CASON, Complainant, *v.* EDWIN T. STONE, Defendant.

### *In Chancery.*

1. A ferry cannot be established by the county commissioners for a year. An order establishing a ferry for a year is a nullity.
2. They can only establish permanent ferries, and grant perpetual licenses.
3. They may establish as many ferries, and as near to each other as the public necessities require, and they are the final judges of such necessity.

THIS cause was commenced in this court, and an injunction was issued in vacation restraining the defendant from keeping a ferry near the ferry of the plaintiff, on the Clackamas River. The defendant has answered, and now moves to dissolve the injunction. The facts are, that one Henderson, owning the land on one side of the river, and wishing to es-

tablish a ferry, agreed with the plaintiff, who owned the land on the other side, to ferry him and his family free of toll for the privilege of landing on that side. Henderson obtained a license and established the ferry, and sold it with the land to the defendant. Both Henderson and the defendant have at all times performed their contract; but Cason claims that it was limited to two years. At the expiration of that time he obtained a license and established a ferry near the defendant's, and then filed the bill upon which this injunction was allowed.

*J. K. Kelly*, for complainant.

*A. Campbell*, for defendant.

OLNEY, J.   The Board of Commissioners had power to establish the plaintiff's ferry, if the two were necessary for the public accommodation, and of that necessity they are the final judges.

We are, therefore, to inquire whether the plaintiff has a valid license ; for if not, the acts of the defendant are not injurious to him.

The bill states, and the answer admits, that the commissioners granted to the plaintiff a license to keep a ferry at, &c., for the term of one year.

If this order, merely directing a license to issue, and neither preceded nor accompanied by an order establishing the ferry, can, by extreme liberality of construction, be taken to import an establishment of the ferry, still it is an order establishing a temporary ferry for a single year. The statute requires the commissioners, when they deem a ferry necessary, " to establish and confirm the same by an especial order," and then to direct their clerk to issue to the proprietor a license to keep the same. They are also required to fix the rates of toll " from time to time." Such ferries are subject to an annual tax, and when any ferry is not kept as required by the act, they may summon the proprietor and revoke his license. This contem-

Cason *v.* Stone.

plates that the ferry is to be permanent, and the right to keep it as durable at least as the life of the license, unless sooner revoked. And this is important to the public as a means of securing safe, commodious and expeditious passage at low rates of toll. Oppressive tolls would be necessary, if the entire investment must be re-imbursed, with a profit, in a single year. Good ferries and cheap tolls can only be secured by making them a safe and permanent investment, as the statute contemplates.

As there can be no temporary ferry, this order cannot take effect according to its terms.

It must be construed to vest a permanent franchise contrary to the expressed intent, or be treated as merely void.

When a public body or tribunal exercises an inherent power, which, by its very nature, necessarily pertains to such body or tribunal, the act is valid, though not done in the mode directed. Thus, if a court, having inherent power to decide a cause, or a legislature, having inherent power to enact a law, proceeds in a different mode from that prescribed, the decision or law, though it may be erroneous; and in case any other tribunal, body or person possess the power of review, may be corrected or reversed, is, unless and until set aside by a direct proceeding instituted for that express purpose, valid and binding on all persons and things affected by it. But when such public body or tribunal attempts to execute a power not inherent, but specially given by a statute or other instrument, authorizing it to do a particular thing in a particular way, then the power to do the thing is inseparably connected with the mode of doing it, and any attempt to do it otherwise, or to do less or more than what is authorized, is not an exercise of that special power, but an idle and void act. ( *Voorhees* v. *The U. S. Bank*, 10 *Peters*, 449.)

The power to establish ferries appertains to the legislature, and not to the commissioners. To the latter it has been delegated by statute to a limited extent. They are authorized to create that particular class or kind of ferry franchises which was thought to be, as a general rule, most advantageous to

the community. If any other is to be created, it must be done by the legislature directly, or by delegation of further power. An attempt on the part of the commissioners to create a different one, either in respect to duration or otherwise, is not an exercise of the power conferred, but an usurpation of further power. And for the court to say that the franchise, as intended, shall be construed into one that was not intended, would be to amend a defective thing by legislation, and not to ascertain what it really is by adjudication. We must, therefore, hold it void.

And, being void, the plaintiff has no title, and the injunction must be dissolved.